EDWARD A. DUFRESNE, Jr., Judge Pro Tem.
Our initial review of this matter concerned the apparent lack of jurisdiction, *762 since the appeal filed on October 25, 1984, was late. However, further review has indicated that the appeal was timely filed.
The uncontested facts in this matter are that the plaintiff, Major Mortgage Funding Corporation filed a Petition for Executory Process against the defendant, Nora Lee Johnson Fleeks on February 29, 1984. The defendant thru a temporary curatrix filed a Petition for Injunction on June 12, 1984. The trial court issued a temporary restraining order and set a hearing on the injunction for July 17, 1984.
Plaintiff, Major Mortgage filed exceptions to the injunction; however, on July 6, 1984, moved the court to set aside the executory process and convert it to one of ordinary proceeding. No mention of the hearing of July 17, 1984, was made in this motion and order.
On July 17, 1984, defendant’s counsel appeared in court for the preliminary injunction; however, the attorney for the plaintiff was not present. The trial judge noted that the plaintiff was served with notice of the injunction hearing but did not appear. He also recognized that the attorney for the defendant had “accomplished exactly what you set out to do, and that is to convert this from an executory process to one of ordinary and stopping the Sheriff of Natchitoches Parish from proceeding with the sale”.
He then rendered judgment in favor of the defendant and against Major Mortgage Funding Company for $500 attorney fees for the presentation, prosecution and legal proceedings involved in the petition for injunction filed June 12, 1984, and trial of the rule on July 17, 1984.
From this judgment plaintiff has appealed urging that the trial court erred in that the matter was moot when the hearing was held and further, that since injunctive relief was not granted under C.C.P. art. 2751, the defendant is not entitled to attorney fees.
C.C.P. art. 2751 was amended by Act 302 of 1981 and accordingly, to the Comments under art. 2751 it was so amended “to give the trial judge the discretion to award damages and attorney’s fees.”
Although the second paragraph of the Article does state:
“In the event injunctive relief is granted to the defendant, if the court finds the seizure in the executory proceeding to be wrongful, it may allow damages to the defendant. Attorney’s fees for the services rendered in connection with the injunction may be included as an element of damages.”
We hold that this paragraph was added to give the trial court the discretion and authority to assess damages including attorney fees.
In the present case, although the plaintiff had on its own motion converted the executory process to one of ordinary proceeding, the trial court did indicate at the hearing on July 17, 1984, that he had reviewed the Petition for Executory Process filed by the plaintiff and that the documents attached were not certified as required by law and took judicial cognizance that the filing of the petition for injunction caused the conversion to ordinary process by the plaintiff.
We do not find that under the circumstances of this case that the trial judge has abused his discretion in awarding attorney fees to the defendant.
To not allow attorney fees, just because the plaintiff on its own motion converts its suit to one of ordinary proceeding prior to the injunction hearing, would only serve to frustrate the purpose of the 1981 amendment to C.C.P. art. 2751, which gave the trial judge discretion to award attorney fees.
For the foregoing reasons, we find no abuse of the trial court’s discretion here and the judgment awarding the defendant attorney fees is affirmed.
All costs of these proceedings are to be paid by the appellant.
AFFIRMED.